IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| THE HOUSING AUTHORITY OF THE CITY OF AUGUSTA, GEORGIA, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 124-156 |
| DAMIYAN BUSH, | * * | |
| Defendant. | * * | |

**O R D E R**

Presently pending is Plaintiff's motion for entry of default and default judgment. (Doc. 13.) For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.

The record shows Defendant was served by publication on December 4, 2024. (Doc. 10.) The record further shows that over 60 days have passed since the Magistrate Judge's Order allowing for service by publication, and Defendant has failed to plead or otherwise respond to the Complaint. (Doc. 7; Doc. 10.) The Court therefore finds an entry of default is appropriate.

However, there is a procedural infirmity in Plaintiff's motion for default judgment. "In particular, [P]laintiff improperly bypasse[d] the necessary precondition of a clerk's entry of default by proceeding directly to a request for the Court

to enter a default judgment. The law is clear that these are separate steps that cannot be combined into one." Travelers Cas. and Sur. Co. of Am., Inc. v. E. Beach Dev., LLC, No. 07-0347-WS-B, 2007 WL 4097440, at *1 (S.D. Ala. Nov. 14, 2007); see also Ramada Franchise Sys., Inc. v. Baroda Enters., LLC, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").

> First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

UMG Recordings, Inc. v. Stewart, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006) (citations omitted); Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default). In not first obtaining a clerk's entry of default before moving for default judgment, Plaintiff has improperly combined two separate steps.

Based on the foregoing, Plaintiff's motion for entry of default (Doc. 13) is **GRANTED IN PART** to the extent detailed in this Order. The Clerk is **DIRECTED** to **ENTER DEFAULT** against Defendant and in favor of Plaintiff. However, Plaintiff's motion for entry of default judgment is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile its motion for default judgment after the

clerk's entry of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) has been entered. Additionally, the Clerk is **DIRECTED** to send a copy of this Order to all of Defendant's last known business and personal addresses.

    **ORDER ENTERED** at Augusta, Georgia, this 4th day of February, 2025.

                                    HONORABLE J. RANDAL HALL
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA